# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

Index #:

--------------------------------------------------------------------X
KYLE EIKLOR,

                    Plaintiff,

Plaintiff designates
SUFFOLK
County as place of Trial

The basis of venue is
Plaintiff's residence

              -against-

**SUMMONS**
**Plaintiff's residence:**
KYLE EIKLOR
810 Ocean Avenue,
West Islip, NY 11795

LOWE'S HOME CENTERS, LLC d/b/a
BAY SHORE LOWE'S,

                  Defendant.

--------------------------------------------------------------------X

TO THE DEFENDANT:

       YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
        September 14, 2020

LAW OFFICES OF NEIL MOLDOVAN, P.C.

By: NEIL MOLDOVAN, ESQ.
Attorney for KYLE EIKLOR
900 Stewart Avenue, Suite 220
Garden City, NY 11530
(516) 294-3300

**Defendants' Addresses**:
LOWE'S HOME CENTERS LLC
1605 Curtis Bridge Road,
Wilkesboro, NC 28697

Case 2:21-cv-05082-ARR-JMW Document 1-1 Filed 09/13/21 Page 3 of 29 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
KYLE EIKLOR,

Index No.:

Plaintiff,

**VERIFIED COMPLAINT**

- against -

LOWE'S HOME CENTERS LLC d/b/a
BAY SHORE LOWE'S,

Defendant.
-------------------------------------------------------------------X

Plaintiff, by his attorneys, **LAW OFFICES OF NEIL MOLDOVAN**, **P.C.,** complaining

of the Defendant above-named, upon information and belief, alleges as follows:

1. That at all times herein, mentioned, Plaintiff **KYLE EIKLOR (hereinafter "EIKLOR")**

was and still is a resident of the County of Suffolk, State of New York.

2. That at all times herein mentioned, Defendant **LOWE'S HOME CENTERS LLC d/b/a**

**BAY SHORE LOWE'S (hereinafter "LOWE'S")** was and still is a foreign limited liability

company, duly organized and existing under and by virtue of the laws of the State of North

Carolina and is authorized to conduct business in the State of New York.

3. That upon information and belief that, at all times hereinafter mentioned, **LOWE'S** owned

the premises located at 800 Sunrise Hwy, Bay Shore, NY 11706.

4. That upon information and belief that, at all times hereinafter mentioned, **LOWE'S**, its

agents, servants and/or employees, operated the aforesaid premises.

5. That upon information and belief that, at all times hereinafter mentioned, **LOWE'S**, its

agents, servants and/or employees, managed the aforesaid premises.

6. That upon information and belief that, at all times hereinafter mentioned, **LOWE'S**, its

agents, servants and/or employees, controlled the aforesaid premises.

7.      That upon information and belief that, at all times hereinafter mentioned, **LOWE'S**, its agents, servants and/or employees, maintained the aforesaid premises.

8.      That upon information and belief that, at all times hereinafter mentioned, **LOWE'S**, its agents, servants and/or employees, inspected the aforesaid premises.

9.      That upon information and belief that, at all times hereinafter mentioned, **LOWE'S**, its agents, servants and/or employees, made repairs to the aforesaid premises.

10.     That on the 13th day of June, 2020, **EIKLOR** was a customer at the aforesaid premises.

11.      That on the 13th day of June, 2020, **EIKLOR** was traversing the premises in the manner that a careful, prudent person would.

12.      That on the aforementioned date, **EIKLOR** was struck by heavy plywood sign at the aforementioned premises, and was caused to sustain severe personal injuries as a result of the negligence of **LOWE'S**.

13.     That said occurrence was due to the negligence, recklessness, and carelessness of **LOWE'S,** and its agents, servants and/or employees in the ownership, maintenance, control, operation, management, inspection, and repair of said area; in failing to warn of the dangers then and there existing; in failing to block off the area that was dangerous; in causing, in permitting and allowing said area thereat to remain unsafe for use; in creating a nuisance and a trap, when Defendant, knew or should have known, that an incident such as the instant one would or could occur.

14.     That by reason of the premises aforesaid, **EIKLOR** was rendered, sick, sore, lame, and disabled and his injuries upon information and belief are of a permanent character.   That by reason thereof, **EIKLOR** has been prevented from following his usual vocation and has been obliged to incur expense and obligations for medicines, medical care, and attention and treatment and he

verily believes that he will in the future be obliged to incur further expense and obligations for medicines, medical care, and attention and treatment and continuous pain and suffering and be unable to follow his current vocation.

15.     That **LOWE'S** had actual and/or constructive notice of these defective condition prior to the 13th day of June, 2020.

16.     That no negligence on the part of **EIKLOR** contributed to the occurrence alleged herein in any matter whatsoever.

17.     That as a result of the foregoing, **EIKLOR** brings this action for damages both general and specific in a sum of money that exceeds the monetary jurisdiction of all lower courts.

        **WHEREFORE**, Plaintiff demands judgment in his favor against the Defendant, in a sum of money that exceeds the monetary jurisdiction of all lower Courts.

Dated: Garden City, New York
        September 14, 2020

                            Yours, etc.
                            LAW OFFICES OF NEIL MOLDOVAN, P.C.

                            _____
                            By: Neil Moldovan, Esq.
                            Attorneys for EIKLOR
                            900 Stewart Avenue, Suite 220
                            Garden City, NY 11530
                            (516) 294-3300

FILED: SUFFOLK COUNTY CLERK 09/14/2020 04:54 PM          INDEX NO. 612950/2020

NYSCEF DOC. NO. 1          Case 2:21-cv-05082-ARR-JMW   Document 1-1   Filed 09/13/21   Page 6 of 29 PageID #: 10          RECEIVED NYSCEF: 09/14/2020

STATE OF NEW YORK          )
                            : SS.:

COUNTY OF NASSAU          )

I, the undersigned, an attorney duly admitted to practice law in the State of New York,

under penalties of perjury, do affirm:

That I am the principal of the Law Offices of Neil Moldovan, P.C., the attorneys of

record, for Plaintiff, KYLE EIKLOR, in the within matter, and make this affirmation in

accordance with CPLR 3020. I have read the within Summons and Complaint and know the

contents thereof to be true to your affirmant's own knowledge, with the exception of those

matters therein stated to be alleged upon information and belief, and as to those matters your

affirmant believes them to be true. The grounds upon which your affirmant bases his belief

regarding those matters not stated upon your affirmant's knowledge is based upon facts, records,

and other pertinent information contained in the file maintained by my office and conversations

with Plaintiff.

This verification is made by your affirmant and not by Plaintiff for the following reason:

Plaintiff resides outside the county wherein the attorneys for Plaintiff maintain their offices.

Dated: Garden City, New York
            September 14, 2020

                                           NEIL MOLDOVAN, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------------X
KYLE EIKLOR,

                     Plaintiff,

               -against-


LOWE'S HOME CENTERS, LLC d/b/a
BAY SHORE LOWE'S,


                   Defendant.
-------------------------------------------------------------------------X


---------------------------------------------------------------------------------------------------------------
                    SUMMONS AND VERIFIED COMPLAINT
---------------------------------------------------------------------------------------------------------------


Law Offices of Neil Moldovan, P.C.
Attorneys for Plaintiff


By: NEIL MOLDOVAN, ESQ.
900 Stewart Avenue
Garden City, NY 11530
(516) 294-3300

Case 2:21-cv-05082-ARR-JMW Document 1-1 Filed 09/13/21 Page 8 of 29 PageID #: 12

THE STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

KYLE EIKLOR,

Plaintiff,

**STIPULATION**

-against-

Index No.: 612950/2020

LOWE'S HOME CENTERS, LLC d/b/a
BAY SHORE LOWE'S,

Defendant.

IT IS HEREBY STIPULATED AND AGREED, that the time for Defendant, LOWE'S

HOME CENTERS, LLC (sued herein as "Lowe's Home Centers, LLC d/b/a Bay Shore

Lowe's") (hereinafter "Lowe's"), to answer or move in response to Plaintiff's Summons and

Verified Complaint is extended up to and including **November 23, 2020.**

IT IS FURTHER STIPULATED AND AGREED, that Lowe's will not raise any

jurisdictional defenses or objections in response to Plaintiff's Summons and Verified Complaint.

DATED:       October __, 2020

LAW OFFICES OF NEIL MOLDOVAN, PC

Neil Moldovan, Esq.
*Attorneys for Plaintiff*
900 Stewart Avenue, Suite 220
Garden City, New York 11530
(516) 294-3300
neil@neilmoldovanlaw.com

GOLDBERG SEGALLA LLP

Kenneth L. Bostick, Jr., Esq.
*Attorneys for Defendant*
*Lowe's Home Centers, LLC*
665 Main Street
Buffalo, New York 14203
(716) 566-5400
kbostick@goldbergsegalla.com

28072265 v1

FILED: SUFFOLK COUNTY CLERK 11/06/2020 11:27 AM
INDEX NO. 612950/2020

NYSCEF DOC. NO. 3    Case 2:21-cv-05082-ARR-JMW   Document 1-1   Filed 09/13/21   Page 9 of 29 PageID #: 13    RECEIVED NYSCEF: 11/06/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

KYLE EIKLOR,

                                Plaintiff,           Index No.: 612950/2020
                                                        Date Filed: 9/14/2020

        -against-

                                                   **AFFIDAVIT OF SERVICE**

LOWE'S HOME CENTERS, LLC d/b/a
BAY SHORE LOWE'S,

                                Defendant.

---

State of New York)
              SS.:
County of Albany)

Jeffrey Teitel, being duly sworn, deposes and says that deponent is over the age of eighteen years, is employed by the attorney service, TEITEL SERVICE BUREAU INC., and is not a party to this action.

That on the 23rd day of September, 2020 at the office of the Secretary of State of New York in the City of Albany he served the annexed Summons, Verified Complaint and Notice of Electronic Filing on **LOWE'S HOME CENTERS, LLC** by delivering and leaving with Sue Zouky, a clerk in the office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, 2 true copies thereof and that at the time of making such service, Deponent paid said Secretary of State a fee of $40.00 Dollars. That said service was pursuant to section 303 of the Limited Liability Company Law.

Deponent further states that he knew the person so served as foresaid to be a clerk in the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of said defendant.

Sue Zouky is a white female, approximately 62 years of age, stands 5 feet 3 inches tall, weight approximately 130 pounds with grey hair.

Sworn to before me this 23rd day of
September, 2020

                                                      Jeffrey Teitel

_____
Hilary Teitel
Notary Public, State of New York
Qualified in Albany County
No. 01TE5049179
Commission Expires September 11, 2021

FILED: SUFFOLK COUNTY CLERK 11/06/2020 11:27 AM INDEX NO. 612950/2020

NYSCEF DOC. NO. 3    Case 2:21-cv-05082-ARR-JMW    Document 1-1    Filed 09/13/21    Page 10 of 29 PageID #: 14    RECEIVED NYSCEF: 11/06/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE SUFFOLK

KYLE EIKLOR,

                              Plaintiff,

        -against-

LOWE'S HOME CENTERS, LLC d/b/a
BAY SHORE LOWE'S,

                              Defendants.

## AFFIDAVIT OF SERVICE

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

*Law Offices of*
**Neil Moldovan, P.C.**

*Attorney(s) for*
By: _Neil Moldovan, Esq._

*Print Signer's Name:* _____
*Office and Post Office Address, Telephone*
900 STEWART AVENUE, SUITE 220
GARDEN CITY, NEW YORK 11530
Tel (516) 294-3300 · Fax (516) 294-4019

Dated:              , 20

To                        :                     Service of a copy of the within
                                                is hereby admitted.

                                                Dated: ..........................20 .........

Attorney(s) for                                ..................................................

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on                     20

☐ NOTICE OF SETTLEMENT

that an order                                  of which the within is a true copy
will be presented for settlement to the HON.    one of the judges of the
within named Court, at
on                    20      at              M.

Dated,

                    Yours, etc.

                 *Law Offices of*
              **Neil Moldovan, P.C.**

Case 2:21-cv-05082-ARR-JMW   Document 1-1   Filed 09/13/21   Page 11 of 29 PageID #: 15

STATE OF NEW YORK
SUPREME COURT : COUNTY OF SUFFOLK

KYLE EIKLOR,

                       **VERIFIED ANSWER**

              Plaintiff,

v.                               Index No.: 612950/2020

LOWE'S HOME CENTERS, LLC d/b/a
BAY SHORE LOWE'S,

              Defendant.

Defendant, Lowe's Home Centers, LLC (incorrectly sued as "Lowe's Home Centers, LLC d/b/a Bay Shore Lowe's") ("Lowe's"), by its attorneys, Goldberg Segalla LLP, for its Verified Answer to the plaintiff's Verified Complaint, responds as follows, upon information and belief:

1.      Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.

2.      In response to paragraph 2 of the Verified Complaint, Lowe's states that Lowe's Home Centers, LLC was and is a foreign limited liability company organized and existing under and by virtue of the laws of the State of North Carolina, with its principal place of business located at 1000 Lowe's Boulevard, Mooresville, North Carolina, and denies the remaining allegations contained in paragraph 2 of the Verified Complaint.

3.      Lowe's admits the allegations contained in paragraph 3 of the Verified Complaint.

4.      In response to paragraph 4 of the Verified Complaint, Lowe's admits that it operated a retail store at 800 Sunrise Highway, Bay Shore, New York 11706, and denies the remaining allegations contained in paragraph 4 of the Verified Complaint.

5.      Lowe's denies the allegations contained in paragraph 5 of the Verified Complaint.

28073111.v1

Case 2:21-cv-05082-ARR-JMW   Document 1-1   Filed 09/13/21   Page 12 of 29 PageID #: 16

6.      Lowe's denies the allegations contained in paragraph 6 of the Verified Complaint.

7.      Lowe's denies the allegations contained in paragraph 7 of the Verified Complaint.

8.      Lowe's denies the allegations contained in paragraph 8 of the Verified Complaint.

9.      Lowe's denies the allegations contained in paragraph 9 of the Verified Complaint.

10.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Verified Complaint.

11.     Lowe's denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Verified Complaint.

12.     Lowe's denies the allegations contained in paragraph 12 of the Verified Complaint.

13.     Lowe's denies the allegations contained in paragraph 13 of the Verified Complaint.

14.     Lowe's denies the allegations contained in paragraph 14 of the Verified Complaint.

15.     Lowe's denies the allegations contained in paragraph 15 of the Verified Complaint.

16.     Lowe's denies the allegations contained in paragraph 16 of the Verified Complaint.

17.     Lowe's denies the allegations contained in paragraph 17 of the Verified Complaint.

18.     Lowe's denies each and every other allegation of the Verified Complaint not hereinbefore specifically admitted, denied, or otherwise controverted.

2

28073111.v1

Case 2:21-cv-05082-ARR-JMW   Document 1-1   Filed 09/13/21   Page 13 of 29 PageID #: 17

**AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

19.     The injuries and/or damages alleged in the Verified Complaint were caused in whole or in part by the culpable conduct, want of care, and assumption of risk on the part of the plaintiff, and without negligence, fault, or want of care on the part of Lowe's.

**AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

20.     If Lowe's is found liable to the plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by the plaintiff for non-economic loss against Lowe's should be limited to its percentage of liability.

**AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

21.     The Verified Complaint fails to state a cause of action against Lowe's.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

22.     The plaintiff's injuries, if any, were caused in whole or in part by a person or persons who are not within the control of Lowe's.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

23.     That pursuant to CPLR §4545 and other applicable sections of the CPLR, Lowe's is entitled to a set off against the amount of any verdict of any monies collected from a collateral source of payment.

3

28073111.v1

**AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

24.     Plaintiff failed to mitigate his alleged damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

25.     The underlying incident and alleged resulting injuries were not proximately caused by any action or inaction of Lowe's.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

26.     Plaintiff was the sole proximate cause of the alleged incident and his alleged injuries.

**AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

27.     In the event the Plaintiff seeks to recover a verdict or judgment against Lowe's, then said verdict or judgment must exclude or be reduced by those amounts which have been, or will with reasonable certainty replace or indemnify the plaintiff, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or the benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

**AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:**

28.     If the plaintiff receives or has received sums of money in settlement of the claims asserted herein, Lowe's is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the plaintiff

4

28073111.v1

Case 2:21-cv-05082-ARR-JMW Document 1-1 Filed 09/13/21 Page 15 of 29 PageID #: 19

against Lowe's by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is the greatest.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

29.     Any risks and dangers at the time and place set forth as the location of the happening of the incident as alleged in the Verified Complaint were open, obvious, and apparent.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

30.     Any alleged injuries and/or expenses resulted from the pre-existing and/or unrelated medical conditions, injuries, or illnesses of the Plaintiff.

### AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, LOWE'S ALLEGES, UPON INFORMATION AND BELIEF:

31.     Lowe's reserves the right to amend this Answer and to add any applicable affirmative defenses after it has had the opportunity to discovery all facts relevant to this action.

**WHEREFORE**, Lowe's demands judgment as follows:

a.     Dismissing plaintiff's Verified Complaint, or

b.     Reducing plaintiff's recovery in the proportion to which the plaintiff's culpable conduct, assumption of risk, and want of care bears to the culpable conduct which caused the plaintiff's damages;

c.     Limiting plaintiff's recovery for non-economic loss against Lowe's to the percentage of responsibility attributed to Lowe's, if that percentage is less than fifty-one percent (51%), and

5

Case 2:21-cv-05082-ARR-JMW Document 1-1 Filed 09/13/21 Page 16 of 29 PageID #: 20

      d.    Such other and further relief as to this Court may seem just, proper, and

equitable together with the costs and disbursements of this action.


Dated: Buffalo, New York
      November 23, 2020


      GOLDBERG SEGALLA LLP

      Kenneth L. Bostick, Jr., Esq.
      *Attorney for Defendants*
      *Lowe's Home Centers, LLC*
      665 Main Street
      Buffalo, New York 14203
      (716) 566-5400


TO:    Neil Moldovan, Esq.
       Law Offices of Neil Moldovan, PC
       *Attorneys for Plaintiff*
       900 Stewart Avenue, Suite 220
       Garden City, New York 11530
       (516) 294-3300

28073111.v1

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
COUNTY OF ERIE       ) ss:

Kenneth L. Bostick, Esq., being sworn, deposes and says:

1.     I am a partner with the law firm of Goldberg Segalla LLP, attorneys for defendant Lowe's Home Centers, LLC (incorrectly sued as "Lowe's Home Centers, LLC d/b/a Bay Shore Lowe's") ("Lowe's") in this matter.

2.     I have read the foregoing Answer and either know the contents to be true or they are alleged upon information and belief, and as to those matters, I believe them to be true based upon the materials supplied by and discussions with defendant.

3.     The reason this verification is made by deponent and not by defendant is that defendant's corporate headquarters and residences are not located in the County of Erie where deponent's law office is located, or in the County of Suffolk, where this action is venued.

_____
Kenneth L. Bostick, Jr.

Sworn to before me this
23rd day of November, 2020

_____
Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 20_21_

28073111.v1

7

Case 2:21-cv-05082-ARR-JMW   Document 1-1   Filed 09/13/21   Page 18 of 29 PageID #: 22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------------------x

KYLE EIKLOR,                                          **INDEX NO.: 612950/2020**

                              Plaintiffs,             **REQUEST FOR**
                                                      **PRELIMINARY CONFERENCE**

              -against-

LOWE'S HOME CENTERS, LLC d/b/a
BAY SHORE LOWE'S,

                              Defendants,

---------------------------------------------------------------------------x

        The undersigned requests a preliminary conference.

        The nature of the action is

                              Premises Liability

        The names, addresses and telephone numbers of all attorneys appearing in the action are
as follows:

LAW OFFICES OF NEIL MOLDOVAN, P.C.
Attorneys for Plaintiff
900 Stewart Avenue, Suite 220
Garden City, New York 11530
(516) 294-3300

GOLDBERG SEGALLA
Attorneys for Defendants
Kenneth L. Bobstick, Esq.
665 Main St #1425,
Buffalo, NY 14203
(516) 566-5400

Dated:  Garden City, New York
        February 23, 2021

                              Yours etc.,
                              LAW OFFICES OF NEIL MOLDOVAN, P.C.

                              _____
                              By: Neil Moldovan, P.C.
                              Attorneys for Plaintiff
                              900 Stewart Avenue, Suite 220
                              Garden City, New York 11530
                              (516) 294-3300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------------x

KYLE EIKLOR,

**INDEX NO.: 612950/2020**

                      Plaintiff,

**AFFIRMATION OF
GOOD FAITH**

     -against-

LOWE'S HOME CENTERS, LLC d/b/a
BAY SHORE LOWE'S,

                 Defendants,

-----------------------------------------------------------------------x

     NEIL MOLDOVAN, ESQ, an attorney licensed to practice in the Courts of the State of New York, deposes and states:

     I have attempted to contact GOLDBERG SEGALLA, in good faith, to attempt to resolve the issues of discovery, albeit to no avail.

     WHEREFORE, your affirmant prays that the Request for Judicial Intervention and Request for Preliminary Conference be granted and for such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
       February 23, 2021

                                      NEIL MOLDOVAN, ESQ.

Case 2:21-cv-05082-ARR-JMW   Document 1-1   Filed 09/13/21   Page 20 of 29 PageID #: 24

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------------x

KYLE EIKLOR,                                    INDEX NO.: 612950/2020

           Plaintiffs,                           REQUEST FOR
                                                PRELIMINARY CONFERENCE

      -against-

LOWE'S HOME CENTERS, LLC d/b/a
BAY SHORE LOWE'S,

           Defendants,

-----------------------------------------------------------------------x


-----------------------------------------------------------------------------------------------------

**REQUEST FOR PRELIMINARY CONFERENCE AFFIRMATION OF GOOD FAITH**
-----------------------------------------------------------------------------------------------------


Law Offices of Neil Moldovan, P.C.
Attorneys for Plaintiff



By:_____
     NEIL MOLDOVAN, ESQ.
      900 Stewart Avenue
      Suite 220
      Garden City, NY 11530
      (516)294-3300

Case 2:21-cv-05082-ARR-JMW Document 1-1 Filed 09/13/21 Page 21 of 29 PageID #: 25



# REQUEST FOR JUDICIAL INTERVENTION

**UCS-840**
(rev. 07/29/2019)

### Suffolk Supreme COURT, COUNTY OF Suffolk

Index No: **612950/2020**          Date Index Issued: **09/15/2020**

| | **For Court Use Only:** |
|---|---|

| **CAPTION** | Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet. | **IAS Entry Date** |
|---|---|---|

Kyle Eiklor

**Plaintiff(s)/Petitioner(s)**

-against-

**Judge Assigned**

Lowe's Home Centers, LLC d/b/a Bay Shore Lowe's

**RJI Filed Date**

**Defendant(s)/Respondent(s)**

## NATURE OF ACTION OR PROCEEDING: Check only one box and specify where indicated.

### COMMERCIAL
- [ ] Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- [ ] Contract
- [ ] Insurance (where insurance company is a party, except arbitration)
- [ ] UCC (includes sales and negotiable instruments)
- [ ] Other Commercial (specify):

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

### REAL PROPERTY:     Specify how many properties the application includes:
- [ ] Condemnation
- [ ] Mortgage Foreclosure (specify):   [ ] Residential   [ ] Commercial
  Property Address:

  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*

- [ ] Tax Certiorari - Section:          Block:          Lot:
- [ ] Tax Foreclosure
- [ ] Other Real Property (specify):

### OTHER MATTERS
- [ ] Certificate of Incorporation/Dissolution   [see *NOTE* in **COMMERCIAL** section]
- [ ] Emergency Medical Treatment
- [ ] Habeas Corpus
- [ ] Local Court Appeal
- [ ] Mechanic's Lien
- [ ] Name Change
- [ ] Pistol Permit Revocation Hearing
- [ ] Sale or Finance of Religious/Not-for-Profit Property
- [ ] Other (specify):

### MATRIMONIAL
- [ ] Contested

  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum (UCS-840M).*

  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

### TORTS
- [ ] Asbestos
- [ ] Child Victims Act
- [ ] Environmental (specify):
- [ ] Medical, Dental, or Podiatric Malpractice
- [ ] Motor Vehicle
- [ ] Products Liability (specify):
- [x] Other Negligence (specify):   Premises Liability
- [ ] Other Professional Malpractice (specify):
- [ ] Other Tort (specify):

### SPECIAL PROCEEDINGS
- [ ] CPLR Article 75 (Arbitration)   [see *NOTE* in **COMMERCIAL** section]
- [ ] CPLR Article 78 (Body or Officer)
- [ ] Election Law
- [ ] Extreme Risk Protection Order
- [ ] MHL Article 9.60 (Kendra's Law)
- [ ] MHL Article 10 (Sex Offender Confinement-Initial)
- [ ] MHL Article 10 (Sex Offender Confinement-Review)
- [ ] MHL Article 81 (Guardianship)
- [ ] Other Mental Hygiene (specify):
- [ ] Other Special Proceeding (specify):

## STATUS OF ACTION OR PROCEEDING:   Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | | |
|---|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | [x] | [ ] | If yes, date filed: | 09/14/2020 |
| Has a summons and complaint or summons with notice been served? | [x] | [ ] | If yes, date served: | 09/23/2020 |
| Is this action/proceeding being filed post-judgment? | [ ] | [x] | If yes, judgment date: | |

## NATURE OF JUDICIAL INTERVENTION:   Check one box only and enter additional information where indicated.

- [ ] Infant's Compromise
- [ ] Extreme Risk Protection Order Application
- [ ] Note of Issue/Certificate of Readiness
- [ ] Notice of Medical, Dental, or Podiatric Malpractice      Date Issue Joined:
- [ ] Notice of Motion      Relief Requested:                                  Return Date:
- [ ] Notice of Petition      Relief Requested:                                  Return Date:
- [ ] Order to Show Cause      Relief Requested:                                  Return Date:
- [ ] Other Ex Parte Application      Relief Requested:
- [ ] Poor Person Application
- [x] Request for Preliminary Conference
- [ ] Residential Mortgage Foreclosure Settlement Conference
- [ ] Writ of Habeas Corpus
- [ ] Other (specify):

Case 2:21-cv-05082-ARR-JMW   Document 1-1   Filed 09/13/21   Page 22 of 29 PageID #: 26

| **RELATED CASES:** | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| **PARTIES:** | | For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**. | | |
|---|---|---|---|---|
| **Un-Rep** | **Parties** <br> List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant; 3rd party plaintiff, etc.) | **Attorneys and/or Unrepresented Litigants** <br> For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined** <br> For each defendant, indicate if issue has been joined. | **Insurance** <br> For each defendant, indicate insurance carrier, if applicable. |
| ☐ | Name: Eiklor, Kyle <br><br> Role(s): Plaintiff/Petitioner | NEIL MOLDOVAN, LAW OFFICES OF NEIL MOLDOVAN P.C., 900 STEWART AVE, STE 220 , GARDEN CITY, NY  11530, (516) 294-3300, neil@neilmoldovanlaw.com | ☐ YES  ☒ NO | |
| ☐ | Name: Lowe's Home Centers, LLC d/b/a Bay Shore Lowe's <br> Role(s): Defendant/Respondent | KENNETH BOSTICK JR., Goldberg Segalla LLP, 665 Main St , Buffalo, NY  14203, kbostick@goldbergsegalla.com | ☐ YES  ☒ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES  ☐ NO | |
| ☐ | Name: <br><br> Role(s): | | ☐ YES  ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER  RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated:    02/23/2021

_____                    _____
                                                                        NEIL MOLDOVAN
                                                                           Signature

_____                    _____
          1906551                                                  NEIL MOLDOVAN
   Attorney Registration Number                            Print Name

*This form was generated by NYSCEF*

Case 2:21-cv-05082-ARR-JMW Document 1-1 Filed 09/13/21 Page 23 of 29 PageID #: 27

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**
**JUDGE DCM JUSTICE, _**



---

**Kyle Eiklor**

**- v. -**

**Lowe's Home Centers, LLC d/b/a Bay Shore Lowe's**

Index No.    612950/2020

## COURT NOTICE

This action has been scheduled  for a Preliminary Conference on:

July 15, 2021

Please notify all parties.

Please refer to nycourts.gov 10th Judicial Districts Suffolk Supreme Courts homepage for the rules and blank order to be filled out and uploaded to NYSCEF before the scheduled Preliminary Conference date.

Thank you,
DCM

DATED 07/07/2021                                          FILED By Theresa Heffernan

**SUPREME COURT**
**COUNTY OF SUFFOLK**
**DIFFERENTIATED CASE MANAGEMENT - JUSTICE PART.**

-------------------------------------------------- x

*Kyle Eiklor*

Plaintiff(s),

- against -

*Lowe's Home Centers LLC*
*d/b/a Bay Shore Lowe's*
                    Defendant(s).

-------------------------------------------------- x

INDEX NO. *6 12 950 / 2020*

**PRELIMINARY CONFERENCE**
**STIPULATION AND ORDER**
(Sections 202.2 and 202.12
of the Uniform Rules)

All items on the form must be completed unless inapplicable.

It is hereby **STIPULATED and ORDERED:**

**The within Action is hereby designated as STANDARD and thus subject to the 12 month disclosure time limitations period applicable thereto (22 NYCRR 202.19).**

Disclosure shall proceed as follows:

1. **Insurance Coverage** (CPLR 3101 (f)): If not already provided, shall be furnished by
   _____Δ_____ on or before *8/16/21* .

2. **Bill of Particulars:**
   a. Demand for a bill of particulars shall be served by *served; satisfactory*
   on or before _____.
   b. Bill of particulars shall be served by _____
   on or before _____.

3. **Medical Reports and Authorizations** shall be served as follows:
   *Already provided; π to provide additional relevant authorizations*
   *to the extent not already provided.*

4. **Physical Examination:**
   a. Examination of *π* _____ shall be held
   *45 days after π is EBT.*
   b. A copy of the physician's report shall be furnished to plaintiff(s) within *45* days of the examination.

5. **Depositions:**

| Deponent | Date and Time | Place |
|---|---|---|
| π | 10/5/21 @ 10 a.m. | TBD or remote |
| Δ | 10/6/21 @ 10 a.m. | TBD or remote |
|  |  |  |
|  |  |  |

If one deposition fails to take place as scheduled, the remaining parties' depositions shall nonetheless proceed as scheduled, except that priorities between defendants and plaintiffs shall be preserved.

6. **All Other Disclosure:**
   (a) All parties, on or before *8/16/21* , shall exchange names and addresses of all eyewitnesses and notice witnesses, statements of opposing parties and photographs, or, if none, provide an affirmation to that effect.
   (b) Authorizations for plaintiff(s)' employment records for the period *N/A* shall be furnished on or before _____.

31-0131. 01/08/kd

c.  Demand for discovery and inspection shall be served by _8/16/21_ on or before _____. The items sought shall be produced to the extent not objected to, and objections, if any, shall be stated on or before _____.

d. Accident reports prepared in the regular course of business shall be exchanged pursuant to CPLR 3101 (g) by _8/16/21_

e. Other (Interrogatories, etc.) _per CPLR_____

f. Plaintiff shall provide authorizations for the following collateral source providers (CPLR 4545) within _____ days: _already provided; π to provide additional relevant_ _authorizations to the extent not already provided_

7.  **Impleader Motion**(s) to amend the pleadings or to add parties shall be completed on or before _30 days after completion of depositions of the parties._

8. **Compliance Conference** shall be held on _____ (Control Date).

9. **End Date for All Disclosure**, other than expert disclosure, shall be held on _____.

10. **Expert Disclosure** shall be provided by all parties pursuant to CPLR 3101.

11. Any **Dispositive Motion**(s) shall be made pursuant to CPLR 3211 and 3212, pursuant to applicable provisions of the CPLR.

12. **The Note of Issue/Certificate of Readiness** shall be filed pursuant to the Order of the IAS Judge.

13. The parties shall ensure that a **Stipulation of Discontinuance** shall be promptly filed if the case settles before the next meeting with the Court

Failure to comply with any of these directions may result in the imposition of costs or sanctions or other authorized by law.

Attorney for Plaintiff(s)                      Attorney for Defendant(s)

_Law Offices of Neil Moldovan, P.C._          _Goldberg Segalla, LLP_
_by James M. Marino, Esq_                     _by Kenneth L. Bostick, Jr, Esq_

Attorney for _π Kyle Elklor_                  Attorney for _Lowe's Home Centers, LLC_
                                              _(s/h/a Lowe's Home Centers, LLC_
                                              _d/b/a Bay Shore Lowe's_

Attorney for _____          Attorney for _____

Dated: _____

**SO ORDERED:**          _____

                                   J.S.C.

## ADDITIONAL DIRECTIVES

In addition to the directives set forth on the annexed pages, it is further ORDERED as follows:

Δ shall respond to Π's combined demands, dated 12/9/20, by 8/16/21, including any video of Π at time of accident.

Δ shall respond to Π's demand for bill of particulars as to affirmative defenses by 8/16/21

Π to respond to Δ's Demand Pursuant to CPLR 3017(c), dated 11/23/20, by 8/16/21.

Dated:

SO ORDERED:

_____
J.S.C.

FILED: SUFFOLK COUNTY CLERK 07/16/2021 11:28 AM   INDEX NO. 612950/2020

NYSCEF DOC. NO. 3    Case 2:21-cv-05082-ARR-JMW   Document 1-1   Filed 09/13/21   Page 27 of 29 PageID #: 31   RECEIVED NYSCEF: 07/16/2021

**SUPREME COURT**
**COUNTY OF SUFFOLK**
**DIFFERENTIATED CASE MANAGEMENT - JUSTICE PART**

------------------------------------------------------------- x    INDEX NO. 6/2 950 /2020

Kyle Eiklor

           Plaintiff(s),

    - against -

Lowe's Home Centers, LLC
d/b/a Bay Shore Lowe's
           Defendant(s).

------------------------------------------------------------- x

**PRELIMINARY CONFERENCE**
**STIPULATION AND ORDER**
(Sections 202.2 and 202.12
of the Uniform Rules)

All items on the form must be completed unless inapplicable.

It is hereby **STIPULATED and ORDERED**:

**The within Action is hereby designated as STANDARD and thus subject to the 12 month disclosure time limitations period applicable thereto (22 NYCRR 202.19).**

Disclosure shall proceed as follows:

1. **Insurance Coverage** (CPLR 3101 (f)): If not already provided, shall be furnished by
  Δ        on or before _8/16/21_ .

2. **Bill of Particulars:**
    a. Demand for a bill of particulars shall be served by _served; satisfactory_
on or before _____ .
    b. Bill of particulars shall be served by _____
on or before _____ .

3. **Medical** Reports and Authorizations shall be served as follows:
_Already provided; Π to provide additional relevant authorizations to the extent not already provided._

4. **Physical Examination:**
    a. Examination of _Π_ _____ shall be held
_45 days after Π is EBT._
    b. A copy of the physician's report shall be furnished to plaintiff(s) within _45_ days of the examination.

5. **Depositions:**

| Deponent | Date and Time | Place |
|---|---|---|
| Π | 10/5/21 @ 10 a.m. | TBD or remote |
| Δ | 10/6/21 @ 10 a.m. | TBD or remote |
| | | |
| | | |

If one deposition fails to take place as scheduled, the remaining parties' depositions shall nonetheless proceed as scheduled, except that priorities between defendants and plaintiffs shall be preserved.

6. **All Other Disclosure:**
    (a) All parties, on or before _8/16/21_ , shall exchange names and addresses of all eyewitnesses and notice witnesses, statements of opposing parties and photographs, or, if none, provide an affirmation to that effect.
    (b) Authorizations for plaintiff(s)' employment records for the period _N/A_ shall be furnished on or before _____ .

31-0131. 01/08kd

1 of 3

612950-2020

c. Demand for discovery and inspection shall be served by __8/16/21__ on or before
_____. The items sought shall be produced to the extent not objected to, and objections, if any, shall
be stated on or before _____.

d. Accident reports prepared in the regular course of business shall be exchanged pursuant to CPLR
3101 (g) by __8/16/21__

e. Other (Interrogatories, etc.) __per CPLR__

f. Plaintiff shall provide authorizations for the following collateral source providers (CPLR 4545) within
_____ days: _already provided; π to provide additional relevant authorizations to the extent not already provided_

7. **Impleader Motion**(s) to amend the pleadings or to add parties shall be completed on or before
_30 days after completion of depositions of the parties._

8. ~~Compliance Conference~~ Early settlement shall be held on __12/8/21__ (~~Control Date~~) Nolan

9. **End Date for All Disclosure**, other than expert disclosure, shall be held on __5/1/22__.

10. **Expert Disclosure** shall be provided by all parties pursuant to CPLR 3101.

11. Any **Dispositive Motion**(s) shall be made pursuant to CPLR 3211 and 3212, pursuant to applicable
provisions of the CPLR.

12. **The Note of Issue/Certificate of Readiness** shall be filed pursuant to the Order of the IAS Judge.

13. The parties shall ensure that a Stipulation of Discontinuance shall be promptly filed if the case settles
before the next meeting with the Court

Failure to comply with any of these directions may result in the imposition of costs or sanctions or other
authorized by law.

Attorney for Plaintiff(s)

Law Offices of Neil Moldovan, P.C.
by James M. Marino, Esq

Attorney for π Kyle Elklor

Attorney for _____

Attorney for Defendant(s)

Goldberg Segalla, LLP
by Kenneth L. Bostick, Jr, Esq

Attorney for Lowe's Home Centers, LLC
(s/h/a Lowe's Home Centers, LLC
d/b/a Bay Shore Lowe's

Attorney for _____

Dated: _____

**SO ORDERED:**
31-0191.02. 01/07

J.S.C.

2/3

612950-2020
## ADDITIONAL DIRECTIVES

In addition to the directives set forth on the annexed pages, it is further ORDERED as follows:

Δ Shall respond to Π's combined demands, dated 12/9/20, by 8/16/21, including any video of Π at time of accident.

Δ shall respond to Π's demand for bill of particulars as to affirmative defenses by 8/16/21

Π to respond to Δ's Demand Pursuant to CPLR 3017(c), dated 11/23/20, by 8/16/21.

Dated:    JUL 16 2021

SO ORDERED:

_____
                J.S.C.

3/3

31-0131_9/98cb

3 of 3